106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel L. KAPLAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7058.
 United States Court of Appeals, Federal Circuit.
 Dec. 20, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss David L. Kaplan's appeal. Kaplan submits a motion to amend his brief with additional "charges of constitutional violations." The court treats the submission as a motion for leave to file an opposition out of time.
 
 
 2
 In 1986, Kaplan obtained a home loan guaranteed by a Department of Veterans Affairs' (VA) deed of trust. As a condition to obtaining the deed of trust, Kaplan agreed to repay the VA for any claim asserted by the lender if Kaplan defaulted on the loan. When Kaplan defaulted on his mortgage in 1988, the lender foreclosed on the property. Because the foreclosure price did not cover the outstanding indebtedness, the VA paid that sum to the lender and, after factoring in costs and expenses, assessed Kaplan an indebtedness of $9,983.38.
 
 
 3
 Kaplan requested a waiver of the assessment, which the regional office denied. Kaplan filed a notice of disagreement. After remanding Kaplan's case twice to the regional office, the Board of Veterans Appeals granted a partial waiver, reducing the indebtedness to $4,145.26 plus interest. Kaplan appealed to the Court of Veterans Appeals. Applying a six factor test set forth in 38 C.F.R. § 1.965(a), the veterans court determined that the Board's decision to waive only part of the indebtedness was neither arbitrary, capricious, nor an abuse of discretion. After the Court of Veterans Appeals denied Kaplan's motion for reconsideration, Kaplan appealed to this court.
 
 
 4
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 5
 In his opposition, Kaplan contends that the Secretary denied him his Sixth Amendment right to assistance of counsel.* However, even assuming that this argument raises a constitutional issue within the meaning of § 7292(d), because Kaplan did not raise this issue in the Court of Veterans Appeals and the Court of Veteran Appeals did not address it, we do not consider it here. In his brief, Kaplan challenges the Court of Veteran Appeals' factual determinations and states that the Board failed to consider whether the VA engaged in misconduct. Kaplan, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision. Instead, Kaplan challenges the veterans court's factual determinations and application of the law to the facts of this case. Because this court does not have jurisdiction over Kaplan's appeal, 38 U.S.C. § 7292(d)(2), this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Kaplan's motion for leave to file an opposition out of time is granted.
 
 
 10
 (4) Each side shall bear its own costs.
 
 
 
 *
 The basis for Kaplan's argument concerns his request, in a letter dated December 14, 1989, that the regional office provide him with "the forms for legal representation and the names of several Bakersfield attorneys." The regional office responded in an April 12, 1990 letter that it does not provide a list of attorneys